```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                         COVINGTON DIVISION


IN RE:

JOSEPH S. PADGITT
MELISSA B. ADAMS-PADGITT
a/k/a Melissa B. Delaney
a/k/a Melissa B. Adams

DEBTORS                                         CASE NO. 07-21467


LORI A. SCHLARMAN, TRUSTEE                             PLAINTIFF

VS.                                             ADV. NO. 07-2063

CHASE HOME FINANCE, LLC, et al.                       DEFENDANTS
```

**MEMORANDUM OPINION**

This matter is before the court on cross-Motions for Summary Judgment filed by the Plaintiff and Defendant Chase Home Finance, LLC ("Chase"). The issue before the court is the validity of a mortgage in which only Debtor Joseph S. Padgitt is identified as a "Borrower." The Plaintiff maintains that she may avoid the mortgage pursuant to the "strong arm" powers available to her under Bankruptcy Code section 544. This court has jurisdiction of this matter pursuant to Judicial Code section 1334(b); it is a core proceeding pursuant to Judicial Code section 157(b)(2)(K).

1. <u>Factual and procedural history</u>

The parties have entered into Joint Stipulations which set forth the following pertinent facts:

A deed of conveyance was executed on August 18, 2006 by Home Loan

1

Mortgage Corporation as seller to "Joe" Padgitt, a married man ("Debtor husband"), and Melissa Delaney, an unmarried woman ("Debtor wife"), in regard to the real property located at 488 Frogtown Road, Walton, Kentucky.  On September 18, 2006, Debtor husband executed and delivered a promissory note to SunTrust Mortgage, Inc. ("SunTrust") in the amount of $118,000.00.  Debtor husband, still married to Melissa D. Padgitt ("First Wife Melissa" or "FWM"), also executed, acknowledged and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for SunTrust a mortgage on the subject property.  The mortgage defines "Borrower" as "Joseph Padgitt, Married."

    Debtor husband and FWM executed the mortgage as husband and wife, but FWM did so only to release her dower interest.  Debtor wife executed and acknowledged the mortgage as "Melissa Delaney, unmarried."  Debtor husband and Debtor wife initialed every page of the mortgage.  The deed and mortgage were recorded on September 27, 2006.  The marriage between Debtor husband and FWM was dissolved on October 6, 2006. Chase is the successor in interest to Suntrust and MERS.  The record in this case reflects that Debtor husband and Debtor wife filed their Chapter 7 petition in this court on September 24, 2007.

    2.   <u>Discussion</u>

    The Plaintiff maintains that she may avoid Chase's lien as to Debtor wife's one-half interest in the subject property by way of the "strong arm" powers granted to her under Code section 544.  That statute provides in pertinent part as follows:

    (a) The trustee shall have, as of the commencement of the

> case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid the transfer of the property of the debtor or any obligation incurred by the debtor that is voidable by--
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor with a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
> . . . .
> (3) A bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfers to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544. The Plaintiff contends that Chase's mortgage encumbers the Debtor husband's one-half interest in the subject, but not the Debtor wife's, because the body of the mortgage defines only him as a "Borrower."

The Plaintiff further points out that the granting language of the mortgage uses only the term "Borrower" as the party granting an interest in the property to the lender, and that no specific person or persons are named. The Plaintiff goes on to conclude that the Debtor wife could not have granted anything under the mortgage, as she is not named as a "Borrower," her name appears only once on the document, under her signature, and there is no explanation for the appearance of that signature.

The Plaintiff contends that a bare signature at the end of a mortgage, even if acknowledged, is not sufficient to pass title to real estate unless the party executing the instrument is identified as a grantor. She cites *Rowe v. Bird*, 304 S.W.2d 775, 777-78, Ky. (1957) and *Parsons v. Justice*, 174 S.W. 725, 740, Ky. (1915), for the proposition that "[a] conveyance signed and acknowledged by a person,

not named in the body of the instrument as grantor, is ineffectual and passes no title as to that person." *Id.*  The same rule applies to mortgages.  *See Goodrum's Guardian v. Kelsey*, 50 S.W.2d 932, 934, Ky. (1932).

The requirement that a grantor be named in the body of the instrument has been upheld even in ambiguous circumstances, according to the Plaintiff, where grantors were identified in the body of the instrument in some other way.  She cites *Shaver v. Ellis*, 11 S.W.2d 949, Ky. (1928) as an example of such an interpretation.  Chase cites the same case for the opposite proposition, i.e., that if a debtor's identity and intention to subject his interest are clearly ascertainable from the "documentation" (Chase's term), he may not rely on the absence of his name in the granting clause to void or limit the conveyance of his interest.

In *Shaver*, a widow and six of her nine children executed and acknowledged a deed to one of the children.  The granting clause did not name the children, but referred to them only as "her heirs."  Her deceased husband had conveyed a life estate to her, as well as a power to convey fee simple title to any of their children before her death.  Later, the children who signed the deed challenged its validity on the basis of their not having been named in the granting clause.  The court found that "[w]hile appellants are not named in the granting clause of that deed, they are named in the body of it and referred to therein as grantors, immediately following the description of the land conveyed[.]" *Shaver v. Ellis*, 11 S.W.2d at 952.  *See also Stephens v. Perkins*, 273 S.W. 545, Ky. (1925).

Chase contends that all the documentation surrounding the

4

mortgage (including the deed to the subject property) identifies Debtor wife sufficiently to satisfy the requirement that she be named as a grantor under the mortgage.  As the Plaintiff points out, however, that there is nothing in the body of the mortgage to identify Debtor wife, and the mortgage is completely silent as to the reason she executed it.  In *Shaver* and related cases, while the grantor or grantors might not have been named in the granting clause of the instrument, they were named or otherwise sufficiently identified **in the body of the instrument** to make it clear that they were grantors.

It appears to the court that *Shaver* supports the Plaintiff's position, and that the Plaintiff is correct in her contention that Chase's lien only encumbers the interest of Debtor husband and not that of Debtor wife, that the mortgage is legally insufficient, and that she may therefore avoid Chase's lien and preserve it for the benefit of the estate.  An order in conformity with this opinion will be entered separately.

Copies to:

Michael L. Baker, Esq.
Philomena S. Ashdown, Esq.
David A. Kruer, Esq. (service by U.S. mail)

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Thursday, September 11, 2008
(wsh)**